[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISSOLVE SECOND RENEWED PREJUDGMENT REMEDY WRIT (DOCKET ENTRY NO. 160)
The defendant/cross-claim defendant, Kings West Limited Partnership (hereinafter, "KWLP"), has filed a motion to dissolve a prejudgment remedy writ filed by the defendant/cross-claim plaintiff, the Sotavento Corporation (hereinafter, "Sotavento"). The dispute at hand centers on money held by a court-appointed receiver of rents. Both KWLP and Sotavento allege that certain money held by the receiver is rightfully theirs.
Sotavento had previously sought to attach a sum of $100,000 held by the receiver of rents. In Security Mutual Life Ins. Co.of New York v. Kings West Limited Partnership, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 332725 (July 9, 1998, Skolnick, J.) (22 CONN. L. RPTR. 599), this court CT Page 13399 held that the receiver of rents could not be attached because the receiver of rents was acting as a court-appointed public officer. Though the receiver was "discharged" by the court, Rush, J., in April, 1997, the court concluded that since the garnishment came prior to the final accounting,[1] the receiver was still operating as an arm of the court.
In a footnote to its decision of July 9, 1998, this court stated that "a receiver might properly be garnished if it continues to hold funds after all the debts have been satisfied." Perhaps in reliance on this statement, Sotavento has garnished the receiver of rents a second time.
The court finds, however, that under the facts of this case, this second garnishment is improper since, at the time of the second garnishment, the receiver of rents continued to act as an arm of the court. Although this court found that the receiver of rents had been completely discharged, the file contains new amended orders which the court considers to be operative.
The court, Saden, J.T.R., issued an order, dated September 18, 1998, requiring that upon payment of fees into the court, the receiver of rents "shall be discharged." From this most recent order, it is clear that until the sum of money is actually paid into the court, the receiver of rents still operates as an arm of the court. Sotavento's garnishment of the receiver, accordingly, is improper. Therefore, KWLP's motion to dissolve this attachment is granted.
The court notes that a garnishment is not needed to protect any money held by the receiver to which Sotavento claims a right. The September 18, 1998 order of Judge Saden requires that the receiver place the disputed funds with the clerk. Moreover, based on KWLP's motion for order of distribution (#167) and Sotavento's objection to motion for order of distribution (#170), it appears that the receiver has already transferred any sums held into the court. Accordingly, as both the order for distribution and the objection to that order seem to be currently pending, both KWLP and Sotavento will have a chance to present their respective sides. Should Sotavento's objection be sustained, the funds will remain with the court and thus be protected in the event that Sotavento ultimately becomes entitled to collect a specific amount of damages.
SKOLNICK, J. CT Page 13400